## The County of Lancaster *versus* Brinthall.

The Statute of Limitations is a bar to an action against a county for the recovery of costs for services rendered by an officer in criminal proceedings, more than six years before suit brought.

The duty to pay for such services arises not only from the statute which directs it, but also from the benefit derived by the county from such services in the preservation of order and the administration of justice.

From the performance of the services, and the requisition of the statute, an agreement to pay for them by the county is implied, and against which the statute will be a bar, unless an action to recover them be brought within six years after the cause of action accrued.

ERROR to the Common Pleas of *Lancaster county.*

This action was originally brought by Joseph Brinthall before a justice of the peace against the county, and removed into the Common Pleas by appeal. The parties agreed upon the following case stated :—

The plaintiff claims the amount of the above judgment for fees, which he alleges he is entitled to receive for services rendered while he was constable in the city of Lancaster, and which have never been paid to him. It is conceded that plaintiff was legally elected constable and duly commissioned thereto, and that he served as such in the city of Lancaster, and that he rendered services, the fees for which suit is brought and the above judgment given. It is also conceded that the same have never been paid to him. The services for which the fees are demanded, were the arresting and conveying before a magistrate, and afterwards on a warrant or mittimus to the prison-house of the county of Lancaster, divers vagrants and disorderly persons whose names are annexed to his bill, and who were unable to pay the costs adjudged against them, which bill is made a part of this case stated. In each case for which plaintiff claims, the magistrate made his regular docket entry, and entered judgment thereon. Defendants allege that the plaintiff is not entitled to be paid, and that if he was originally entitled to anything, a portion of his claims, to

[County of Lancaster *v.* Brinthall.]

wit, the sum of $76.56 is barred by the statute of limitations: the services therefor having been rendered more than six years previous to the institution of his suit before the magistrate, William Frick, Esq. The plaintiff, in each of the cases enumerated in his bill, received the sum of $37\frac{1}{2}$ cents for arresting and bringing before the magistrate and conveying to jail the said vagrants and disorderly persons, and believed, at the time of its receipt, that that was all he was entitled to; but subsequently discovered that he had a claim to the sum of 75 cents for the services thus rendered, and that he had been only paid one-half of what was really due to him under the fee bill. As soon as he made the discovery he claimed the residue from the commissioners, which they declined to pay, under the plea of the statute of limitations. Should the court be of the opinion that the plaintiff is entitled to recover, and that no portion of his claim is barred by the statute of limitations, then judgment for plaintiff for $89.19, together with costs of suit and interest from the 29th of October, 1855, the time of the rendition of the judgment by Esquire Frick. If the court should be of the opinion that plaintiff is entitled to recover, and that so much of plaintiff's claims which is not within six years from the institution of his suit is barred, then judgment for the plaintiff for $12.61, together with costs of suit and interest from the 29th of October, 1855. And if the court should be of opinion that plaintiff is not entitled to recover, then judgment to be for defendant.

The court below entered judgment for the plaintiff for $89.01 and the costs.

The county took a writ of error, and assigned here that the court erred in entering judgment as above, and that the same should have been for $12.61.

*Eshleman,* for plaintiff in error.

*McElroy,* for defendant in error.

The opinion of the court was delivered by

Knox, J.—It is said that the statute of limitations will not apply to a claim against a county for costs incurred in a criminal proceeding, because there is neither an express nor an implied promise upon the part of the county to pay the costs; but that the liability is created solely by the positive requisition of the statute. If the premises were sound, it would be difficult to deny the conclusion claimed by the plaintiff below. But is it true that an action of *assumpsit* will not lie against a county in a case like the present? The proceedings were in the name of the Commonwealth, and although she could not be sued for costs, yet, upon

[County of Lancaster *v.* Brinthall.]

the presumption, that she would act in good faith towards her citizens, the law would imply a promise upon the part of the state to make compensation for services rendered in its behalf. As a sovereign, the power of the state to direct the manner of paying for these services, whether they should be paid by the state treasurer for the entire state, or by each county for itself, is undoubted. The duty to pay is not only imposed by the statute, but it also arises from the benefits derived from the performance of the services, and as these services, though rendered in the name of the Commonwealth, were really for the preservation of order and the administration of justice within the county, why may we not imply an agreement founded upon the performance of the services and the requisitions of the statute, that the costs should be paid by the county? We see no very great difficulty in this view of the case, and as it is clearly promotive of justice that there should be some limit to claims of this kind upon the county treasury, in point of time, we are disposed to apply the statutory bar against all claims for costs originating more than six years before the commencement of a suit to recover them.

> Judgment of the Common Pleas reversed, and judgment is now rendered by this court in favour of the plaintiff for $12.61, with interest from the 29th of October, 1855, and costs.