## IN RE EAST GRANT STREET, LANCASTER.

CERTIORARI TO THE COURT OF QUARTER SESSIONS OF LANCASTER COUNTY.

Argued May 15, 1888—Decided October 1, 1888.

1. Streets and alleys in Lancaster city, not upon the city plan authorized by the act of April 18, 1873, P. L. 811, are to be laid out and opened under the general road laws of the commonwealth as modified by the special acts of April 13, 1854, P. L. 352; January 31, 1857, P. L. 9; April 28, 1857, P. L. 338.
2. Although the act of June 8, 1881, P. L. 68, in so far as it professes to declare the *meaning* of the prior enactment, is invalid under § 6, article III. of the constitution, yet said act repeals § 13, act of May 23, 1874, P. L. 235, by the section expressly substituted therefor.
3. The act of May 24, 1887, P. L. 204, providing for the incorporation of

Statement of Facts.

cities of the fourth, fifth, sixth and seventh classes, etc., is in conflict with the constitution and therefore void.*

4. Where exceptions to a report of viewers are dismissed and reviewers appointed on petition filed, followed by a writ of certiorari operating as a supersedeas, it is not error after the record is remitted to refuse to enter continuances of the order to the reviewers, nunc pro tunc, from term to term, pending the certiorari: Salem Tp. Road, 103 Pa. 250.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY J., absent.

No. 15 January Term 1888, Sup. Ct.; court below, No. 85 January Term 1886, Q. S.

On January 6, 1886, citizens of Lancaster city, said to be a city of the fifth class, under the act of May 24, 1887, P. L. 204, represented to the city councils that they were about to present their petition to the Court of Quarter Sessions for the opening of a street or alley, as hereafter to be described, and praying the councils pass a resolution requesting the said court to grant the prayer of the petitioners. Thereupon, the said councils passed a resolution in accordance with said petition, which was duly certified to the said Court of Quarter Sessions.

On January 15, 1886, the petition of citizens was presented to the Court of Quarter Sessions, setting forth that they labored under great inconvenience for want of a street or alley, beginning at or near the junction of North Christian street and East Grant street, and to extend from thence westward to North Queen street, in said city, the petition being accompanied with the foregoing resolution of the city councils; thereupon, on March 8, 1886, the court appointed three viewers for the purpose prayed for. The order was issued to the viewers, returnable to April Term thereafter.

At April Term 1886, the viewers made a report in favor of laying out said street, fully describing the same by courses and distances and by reference to a plot or draft thereof attached, estimating the damages to be sustained by Samuel Demuth, for land taken, at $14,210.66, to be paid by the county of Lancaster, and damages to be sustained by said Demuth, for cer-

---

* Ayars' Appeal, No. 3 July Term 1888, Sup. Ct.; court below, No. 4 May Term 1888, C: P. Luzerne county: argued April 13, 1888, but opinion not yet filed.

tain buildings removed or injured, at $4,821, to be paid by Lancaster city. To this report, on August 17, 1886, the commissioners of the county of Lancaster filed the following exceptions:

1. The viewers erred in assessing damages; they were not authorized by law to assess damages.[1]

2. The viewers erred in assessing any damages against the county of Lancaster; there was no legal authority for such action on their part.[2]

3. The county of Lancaster is not liable for any damages for the opening of said street or alley.[3]

4. There was no legal authority for the appointment of said viewers, and their action and report were therefore void.[4]

On the same day a petition was filed for the appointment of reviewers.

On October 28, 1886, the foregoing exceptions were dismissed, and reviewers appointed.

On November 12, 1886, a writ of certiorari from the Supreme Court, at the instance of the county commissioners, was filed. On May 19, 1887, the writ of certiorari was quashed by the Supreme Court, on the ground that as reviewers had been appointed and had not made report when the writ was purchased, there was no final decree.

On June 11, 1887, the record having been remitted, the exceptants to the report of the viewers, and the petitioners for the review, presented a petition reciting the proceedings on the writ of certiorari, and that the November, January and April terms of the court had intervened, at neither of which terms had the order to the reviewers been continued, and moved the court to make an order entering said continuances of record nunc pro tunc, with the same effect as if made at said terms. A rule to show cause was granted.

On the same day, on motion of the petitioners for the view, a rule was granted to show cause why an absolute decree of confirmation should not be entered on the report of the viewers filed at April Term 1886.

On August 13, 1887, the court, PATTERSON, J., discharged the rule to show cause why the continuances of the order to the reviewers should not be entered nunc pro tunc.[5]

The same day, the rule to show cause why the report of the

viewers should not be confirmed was made absolute, and said report was thereupon finally confirmed.[7]  The exceptants then took this writ, and assigned as error :

1–4. The dismissal of the exceptions.[1 to 4]

5. The order discharging the rule to show cause why the continuances of the order to the reviewers should not be entered of record nunc pro tunc.[5]

7. The order making absolute the rule to show cause why the report of the viewers should not be confirmed absolutely, and confirming finally said report.[7]

*Mr. H. M. North* and *Mr. J. W. Johnson* (with them *Mr. A. F. Shenck*), for the plaintiffs in error :

1. By § 1, act of April 13, 1854, P. L. 352, all streets and alleys within the city of Lancaster are to be extended and opened under the provisions of general road laws of the commonwealth, except in so far as altered or supplied by said act. By § 2, damages sustained in the taking of land are to be paid by the county ; damages sustained in the removal and injury of buildings to be paid by the city.  By the act of January 31, 1857, P. L. 9, upon final confirmation of a report under an order of court, laying out a street, etc., within said city, no order to open can issue from the court, but the clerk of the court is to certify to the city councils the fact of confirmation, with the width decreed, and it is then for the councils, whenever they deem it expedient, by joint resolution to direct their street commissioner to open.  By the act of April 28, 1857, P. L. 338, the number of road and bridge viewers to be appointed is fixed at three.

2. But by the act of April 18, 1873, P. L. 811, the city was required to appoint a competent civil engineer, whose duty it was to survey and mark the lines of all the streets and highways of the city, now opened or to be opened, etc., and duplicate drafts were to be made and returned, one to the councils and one to the clerk of the court of Quarter Sessions, and then followed specific provisions for the establishment of the streets and highways in accordance with said plans, or alterations thereof to be made in a way directed ; and it was further provided that " It shall not be lawful for the said court to direct the laying out and opening of any street, avenue or highway

within said city contrary to the provisions herein contained."
All things were done by the councils, engineer and the court,
as required by this act of 1873. Clearly, then, after the pass-
age of this act, the Court of Quarter Sessions would have no
jurisdiction to lay out highways within the city, under the
general road laws of the state.

3. But it is claimed that power to proceed under the general
road laws was conferred on said court by the act of May 23,
1874, P. L. 231. That act is a general law, and does not in
express terms repeal any local or special law. All powers
conferred by it upon municipal authorities and courts, were
previously conferred upon the city councils of Lancaster city
and the Court of Quarter Sessions of Lancaster county by the
act of 1873. The act of 1874 and the act of June 8, 1881,
P. L. 68, are the same in their provisions, save that the former
act does not contain the words "any private or special statute
to the contrary notwithstanding," which are found in the latter
act. But to the act of 1874 is applicable the principle that a
general statute without negative words will not repeal a previ-
ous statute which is particular: Brown v. Commissioners, 21
Pa. 37 ; Dyer v. Covington Tp., 28 Pa. 186 ; and the act of
1881 is amenable to the constitutional objection that no law
shall be revived, amended, or its provisions extended, by a
reference to its title only : Section 6, article III., Constitution ;
Donohugh v. Roberts, 11 W. N. 190.

4. Moreover, the act of 1874 is not a supplement to any
other act. Its 13th section does not refer to any general or
special law, and the general law not being in force in Lancas-
ter city, proceedings under it would not be had " as required
by law." If by the language, " as required by law," was meant
the general road laws, then the provisions were unconstitutional,
because not re-enacted and published at length. Lancaster
was then a city of the third class ; now it is a city of the fifth
class under the act of May 24, 1887, P. L. 204, which pro-
vides in § 1, article XXIII., that " All laws or parts of laws
heretofore passed, whether general or special, relating to the
incorporation and government of any of the cities of this com-
monwealth, inconsistent herewith, or supplied by the provisions
hereof, are hereby repealed," etc. Certainly the acts of 1874
and 1881, if they ever were valid, are thus repealed, and after

Arguments.

the act of 1873, the court of Quarter Sessions was without jurisdiction under the general road laws of the state to appoint viewers to lay out a highway in the city of Lancaster.

5. It was error to refuse to enter the continuances. The review was a matter of right, and when reviewers had been appointed, the certiorari of November 12, 1886, was a supersedeas of all proceedings: Ewing v. Thompson, 43 Pa. 382; Ewing's Mill Road, 32 Pa. 284; Lackawanna Tp. Road, 112 Pa. 212. The reasoning of Ross Tp. Road, 36 Pa. 87, condemning the approval of a road nunc pro tunc, and its confirmation at the same time, does not apply; for the reviewers would have reported to August Term 1887, and all parties would have had to November Term to file exceptions.

*Mr. J. Hay Brown* and *Mr. Geo. Nauman* (with them *Mr. S. H. Reynolds, Mr. J. L. Steinmetz* and *Mr. J. E. Malone*), for the defendants in error :

1. It will be observed that under the act of April 18, 1873, P. L. 811, providing for the general survey and plan of the streets of Lancaster city, the councils had no voice in adopting the plan, in the opening or vacation of a street, or in fixing the width or grade thereof. The engineer made the plan, councils had no voice in its adoption or modification, and all subsequent power was vested in the court of Quarter Sessions. Certainly, therefore, it cannot be pretended that the plan of 1880, is made of cast-iron, eternally fixing the lines of the highways and by-ways of the city.

2. We relied, not upon the act of May 23, 1874, P. L. 231, but upon that act as amended by the act of June 1, 1881, P. L. 68, and this act gives to the court and the municipal authorities the entire power to open streets where they please, they to have exclusive control and direction, "any private or special statute to the contrary, notwithstanding." The proceedings in the case at bar were under the control and direction of the municipal authorities and the court, and were "as required by law;" because, the act of 1873 having served its purpose, the plan having been made and its object accomplished, it could no longer be used for opening a new highway. As to the sweeping character of the act of 1881, in its repeal of local and special statutes, we refer to the opinion of THAYER, P. J.,

in Twenty-second street, 11 W. N. 465. And see: Myers v. Commonwealth, 110 Pa. 217; In re Chestnut street, 118 Pa. 593.

3. The act of 1881 is unaffected by the act of May 24, 1887, P. L. 204, so far as this case is concerned. The report of the viewers was made on April 17, 1886. Exceptions filed to August Term 1886, were overruled and the report approved. The act of 1887 does not operate retroactively, as it does not have the indubitable phraseology to convince us that any other than a prospective operation was intended: Dewart v. Purdy, 29 Pa. 117; White v. Crawford, 84 Pa. 436; Peoples F. Ins. Co. v. Hartshorne, 84 Pa. 456; Duff's Private Road, 66 Pa. 459.

4. True, the reviewers appointed would have made their report to the November Term, but the parties at whose instance they were appointed, filed their writ of certiorari from this court, and neglected to obtain the necessary orders of continuance from term to term to preserve the vitality of the order. The court had no power to make the order nunc pro tunc, resuscitating the order from term to term: Salem Tp. Road, 103 Pa. 250.

OPINION, MR. JUSTICE PAXSON:

We see no difficulty in this case. The first section of the act of April 13, 1854, P. L. 352, enacts: That the Court of Quarter Sessions of Lancaster county shall have power to authorize the extension and opening of streets and alleys within the city of Lancaster in the manner directed by and under the provisions of the general road laws of this commonwealth, except so far as the same may be herein altered or supplied.

The second section provides for the appointment by said court of six disinterested freeholders to view the premises and assess the damages for the opening of any street or alley, which damages are to be paid out of the county treasury; but if any building is injured or removed by such opening, the damages caused by the injury or removal of such building shall be paid by the city.

By the act of January 31, 1857, P. L. 9, the power is given to the councils of said city to direct the opening of any street, after the confirmation of the report of the viewers by the Court of Quarter Sessions; and "so much of any law heretofore

passed as vests in the Court of General Quarter Sessions of the Peace of Lancaster county the right to direct the opening of any street, lane, or alley laid out in the city of Lancaster, is hereby repealed."

The act of April 28, 1357, P. L. 338, provides for the appointment of three road and bridge viewers for Chester and Lancaster counties, and repeals all laws inconsistent therewith, so far as concerns the said counties.

The act of April 18, 1873, P. L. 811, was a special act providing for the appointment of an engineer whose duty it should be to survey and mark the line of all streets and highways of the city, then opened or intended to be opened in said city for public use ; and to survey and mark all new streets or alleys that may be needed, fix the width, grades, etc., as may be necessary for a regular and convenient town plan, which plan is to be approved by city councils. Provision is then made for the assessment of damages caused by the opening of any street or alley upon said plan. It is unnecessary to refer further to the details of this act as it relates only to streets upon the city plan. The street in question is not upon the city plan, and the act of 1873 has nothing to do with it.

Then follows the act of May 23, 1874, P. L. 231, the 13th section only of which has any reference to the matter in hand. As this section, however, is expressly repealed by the act of June 8, 1881, P. L. 68, we need not further refer to it.

The said act of June 8, 1881, repeals, though in the most bungling manner, the 13th section of the act of 1874. The title as well as the body of said act professes to declare the meaning of the said section of the act of 1874, and if this were all, the act of 1881 would conflict with section 6 of article III. of the constitution, which declares that "no law shall be revived, amended, or the provisions thereof extended or conferred by a reference to its title only, but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length." It is for the courts to declare the "meaning" of an act of the legislature.

But the act of 1881 goes further and amends the 13th section of the act of 1874, and we may reject as surplusage, or harmless verbiage, so much of it as professes to attach a meaning to the act of 1874. The substituted section is as follows :

Section 13. " That the municipal authorities and courts having jurisdiction in any city of this commonwealth, shall have exclusive control and direction of the opening, widening, narrowing, vacating, and changing grades of all streets, alleys, and highways within the limits of such city, and may open or widen streets, at such points and of such width, as may be deemed necessary by such city authorities and courts, any private or special statute to the contrary notwithstanding ; proceedings to be had in such cases as are now required by law. Streets commenced under any special authority shall be completed, unless otherwise decided by councils ; and any of said cities may, with the consent of the court of Quarter Sessions of the proper county, enter security for damages to private property by reason of street improvements, in such sum or sums as the said court may direct."

We need not refer to the provisions of the act of May 24, 1887, P. L. 204, providing for the incorporation and government of cities of the fourth, fifth, sixth, and seventh classes, etc., as we have just held by a unanimous decision in Ayars' Appeal, that said act is in conflict with the constitution and therefore void.

The 13th section of the act of 1874, as amended by the act of 1881, is very radical and sweeps away all private or special acts as are in conflict with it. By its terms the municipal authorities and courts having jurisdiction in any city, shall have the exclusive control and direction of the opening, etc., of streets ; the proceedings to be had in such cases as are now required by law. The laws in force, when this petition was presented, were the general road laws, as amended for Lancaster county, by the acts of 1854 and 1857. The proceedings appear to be in strict conformity thereto.

This disposes of all the errors assigned except the fifth, which alleges that the court erred in discharging the rule to show cause why continuances should not be made nunc pro tunc for November Sessions, 1886, January Sessions, 1887, and April Sessions, 1887, of the order to the reviewers. That this assignment is without merit is clearly shown by the ruling In re Road in Salem Township, 103 Pa. 250.

The proceedings are affirmed.