Paul R. Beckert, President Judge, Individually and on Behalf of the Judges of the Court of Common Pleas of Bucks County, Pa., Plaintiffs *v.* Andrew L. Warren et al., Defendants.

Argued May 4, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Henry I. Reath,* with him *Michael M. Baylson, George E. Pierce, Jr.,* and *Eric H. Auerbach, Duane, Morris & Heckscher,* for plaintiffs.

*Robert L. White,* for defendants.

*Honorable Charles P. Mirarchi, Jr.,* for Amicus Curiae, Pennsylvania Conference of State Trial Judges.

OPINION BY JUDGE CRAIG, May 26, 1981:
The judges of the Court of Common Pleas of Bucks County, acting through their President Judge Paul R. Beckert, as the plaintiffs, instituted this equity case in their own court December 30, 1980, to enjoin the Bucks County Commissioners and Salary Board members, as defendants, from adopting a county budget for 1981 unless the budget contained fully the funding for court personnel and programs which

had been requested by the court and considered necessary by it to carry out its mandated responsibilities under the constitution and laws. On the same date, Judge ROBERT A. FREEDBERG of the Court of Common Pleas of Northampton County, specially assigned, heard testimony from the plaintiffs and argument from counsel for the defendants, and issued a preliminary injunction enjoining the defendants from adopting a 1981 budget or manning tables for Bucks County without including the requested court funding and personnel positions.

On December 31, 1980, the county obtained a writ or order of Justice LARSEN of the Pennsylvania Supreme Court, vacating the preliminary injunction. The county immediately proceeded to adopt a 1981 Bucks County budget and manning tables, without fulfilling the plaintiffs' requests.

In addition to filing proceedings in the Pennsylvania Supreme Court to set aside Justice LARSEN's order, the plaintiffs also filed in the Supreme Court a "Petition That This Court [the Pennsylvania Supreme Court] Assume Plenary Jurisdiction," pursuant to 42 Pa. C. S. §726.

The relief which the plaintiffs requested in that petition was that the Supreme Court

> forthwith direct that an administrative hearing be held that will provide the County Commissioners, . . . with an opportunity to present testimony and arguments, with the right of rebuttal by your Petitioner, as to why the budget requirements, as determined by the Bucks County Court should be disallowed. . . .

and that the Supreme Court thereafter

> direct that the County appropriate and pay over to Petitioner such funds as are determined to be required to enable . . . the Court of Common Pleas of Bucks County to carry out its

mandated responsibilities under the Constitution and laws of the Commonwealth.

In support of the request for relief, the plaintiffs' petition urged that the Supreme Court

develop an administrative procedure to resolve unseemly and unnecessary tension and disputes such as the instant matter between the Courts and local county government.

On March 30, 1981, the Pennsylvania Supreme Court dismissed, as moot, the proceedings to set aside the order of Justice LARSEN. The Supreme Court granted plaintiffs' petition for plenary jurisdiction, in the following terms:

Petition GRANTED. Matter remanded to Commonwealth Court for an Expedited Hearing.

Pursuant to the transfer of the case to this court, the parties have been given a prompt opportunity to argue the preliminary objections which the county had filed to the equity action on January 13, 1981. In addition to raising jurisdictional questions, which the county has now dropped in view of the Supreme Court's assumption of plenary jurisdiction, the preliminary objections asserted:

1. Plaintiffs' proper remedy is in mandamus and this action should be treated in all respects as such;

2. Count 4 of the plaintiffs' complaint, purportedly a count in mandamus, should nevertheless be stricken because Pa. R.C.P. No. 1508 does not permit a count sounding in an action at law to be included in an action in equity; and

3. The action should be dismissed because of the failure of plaintiffs (until February 13, 1981) to exhaust administrative remedies by

presenting the additional personnel requests to the Bucks County Salary Board, which must fix the personnel positions and compensation before they are budgeted, as required by Section 23 of the County Code, Act of July 5, 1947, P.L. 1308, 16 P.S. §1623.

In support of their principal objection, the first one enumerated above, the county officers argue that *Leahey v. Farrell,* 362 Pa. 52, 66 A.2d 577 (1949), followed by *Carroll v. Tate,* 442 Pa. 45, 274 A.2d 193 (1971), has established mandamus as the sole sanctioned channel for seeking to remedy an alleged failure of a county to provide sufficient court funding, whereby the efficient administration of justice is impaired or destroyed.

Our conclusion must be that our Supreme Court, by granting the plenary jurisdiction petition of the common pleas court, has essentially adopted the mode of relief requested in that petition—that a decisional procedure, similar to that of an administrative hearing, be conducted under the aegis of the Supreme Court's plenary jurisdiction, distinct from the usual forms of action and procedure.

Mindful that the Supreme Court's plenary and extraordinary jurisdiction has its roots in the King's Bench Power stemming originally from the Act of May 22, 1722, 1 Sm. L. 131, 140, Section XIII, *formerly* 17 P.S. §41 note, we turn to the familiar *Bell Appeal,* 396 Pa. 592, 597, 152 A.2d 731, 734 (1959), which described that power by reiterating:

Inherent in the Court of King's Bench was the power of general superintendency over inferior tribunals, a power which was of ancient inception and recognized by the common law from its very beginnings. Blackstone says, Book III, *42: 'The jurisdiction of this Court [of King's Bench] is very high and transcendant. It keeps

all inferior jurisdictions within the bounds of their authority, and may either remove their proceedings to be determined here, or prohibit their progress below.'

The Judicial Code has maintained the sweep of that power by providing, in 42 Pa. C. S. §726, that "[n]otwithstanding any other provision of law" when the Supreme Court assumes plenary jurisdiction in a matter of "immediate public importance," it may "enter a final order or otherwise cause right and justice to be done."

Therefore we conclude that all questions as to standard forms of action have been subsumed beneath the Supreme Court's exercise of its plenary jurisdiction, which has mooted the preliminary objection based upon the claim that mandamus procedures govern.[1] By the same token, the county's second objection above enumerated, seeking to *delete* a mandamus count (after claiming that mandamus governs), and the third, raising the matter of Salary Board procedure within the county framework, have likewise been swept away.

Therefore, we will overrule the preliminary objections, and this court shall proceed to an expedited hearing as directed.

## ORDER

Now, May 26, 1981, the preliminary objections of the defendants are overruled and this court shall immediately proceed to an expedited hearing on the merits, as directed by the Pennsylvania Supreme Court.

---

[1] The distinction between the posture of this case and that of *Carroll, supra,* is that *Carroll* proceeded in mandamus to completion at the trial level, before a specially-assigned appellate judge, prior to the Supreme Court's grant of plenary jurisdiction, which has been granted in this case before trial.