In Re: Establishment of Positions and Salaries Therefor for the Year 1975 in the Office of Robert C. Haberstroh, President Judge, and Other Court Related Offices.
County of Blair, Appellant.

Argued May 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Marion D. Patterson, Jr.,* Solicitor, for appellant.

*William J. Haberstroh,* with him *Amos Davis,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, June 18, 1975:

At a December 30, 1974, meeting of the Blair County Salary Board (Board), the President Judge (appellee) of the Blair County Court of Common Pleas, sitting as a member of the Board, motioned for an increase in the salaries of certain court-related employees, and for the establishment of two new positions not theretofore regularly funded. These motions failed to achieve additional support and were therefore not acted upon. The next day appellee issued an ex parte order which set forth a schedule fixing new salaries for the aforementioned employees, and which directed the appropriate officials of the County of Blair (appellant) to make payments pursuant to said schedule. Appellant, on January 6, 1975, appealed directly, from the issuance of the order, to this Court.[1]

Despite the apparent exclusivity of the legislative branch's control over matters involving finances, and the tacit constitutional principle of separation of powers, the

___

1. The only record in this "case" is the order itself and docket entry thereof.

Supreme Court has recognized the inherent power of the courts of this State to intervene in questions of financial appropriation where such intervention is necessary to insure the efficient administration of the judicial system. *Commonwealth ex rel. Carroll v. Tate,* 442 Pa. 45, 274 A.2d 193 (1971); *Leahey v. Farrell,* 362 Pa. 52, 66 A.2d 577 (1949). However, this inherent power is not so absolute as to allow a court to make a unilateral determination of need, and then order, through its judicial prerogative, the implementation of those steps deemed essential to the satisfaction of that need. This power merely permits the court, which views the executive and/or legislative action or nonaction to impair the judicial function, to raise a case or controversy, and present its arguments before a disinterested forum. "Its [the court's] wants and needs must be proved by it to be 'reasonably necessary' for its proper functioning and administration, and this is always subject to Court review."[2]

Here, the order was issued without any apparent attempt to satisfy the evidentiary burden established by the Supreme Court. To the extent that the order purports to be or was intended to be a judicial act imposing responsibilities and duties upon appellant, subjecting appellant to the power and authority of the judiciary to enforce it by sanctions or otherwise, said order must be and is hereby set aside. To the extent that said order may arguably be within the power of the court to issue within the teaching of *Leahey, supra,* as an ingredient or procedure to produce a case or controversy and, through adversary proceedings, to test the propriety and reasonableness of the court's request as required by *Leahy* and *Carroll, supra,* the order retains its vitality.

Further adversary proceedings are essential before an order issued by an *interested* court can achieve the

---

2. *Carroll, supra,* 442 Pa. at 57, 274 A.2d at 199.

4

status of a judicial order requiring the directed parties to comply.

Remanded for further adversary proceedings and proof that the court's wants and needs are reasonably necessary for its proper functioning and administration.