Maxine R. KANTER, Plaintiff,

v.

COMMUNITY CONSOLIDATED SCHOOL DISTRICT 65 and the Board of Education of School District 65, Defendants.

No. 81 C 392.

United States District Court,
N.D. Illinois, E.D.

Aug. 25, 1982.

Maxine R. Kanter pro se.

S. Bennet Rodick, Chicago, Ill., for respondents.

## MEMORANDUM OF DECISION AND ORDER

NORDBERG, District Judge:

Plaintiff Maxine Kanter ("Kanter") brought this action for declaratory relief and damages under 42 U.S.C. § 1983 against defendants Community Consolidated School District and the Board of Education of School District 65 ("Board").[1] Kanter also alleged a breach of her employment contract by defendants as a pendent claim to the constitutional count. This action is presently before the Court on defendants motion to dismiss the first amended complaint pursuant to Rule 12(b)(6), F.R.C.P. For the reasons set forth below, this motion is granted.

### FINDINGS OF FACT

Plaintiff Kanter is a tenured public school teacher in the Evanston, Illinois School System. In the instant action, she challenges the track movement merit pay increase system of the defendants as violative of her rights under the Fourteenth Amendment to the U.S. Constitution. She also alleges that the superintendent of the school system refused to follow certain committee recommendations that plaintiff be promoted on three occasions, violating both substantive and procedural due process guarantees under the Fourteenth Amendment as well as her constitutional right to equal protection.

Kanter initially filed a claim on July 10, 1980 with the Equal Employment Opportunity Commission which was denied on October 29, 1980. She then filed a *pro se* complaint under Title VII in the Federal District Court which was dismissed for lack of jurisdiction on March 10, 1981. The complaint was reinstated on June 19, 1981 on plaintiff's motion to vacate. Kanter's request for appointment of counsel was granted. The instant complaint, the first amended complaint, was filed on February 24, 1982.

### MOTION TO DISMISS

The guidelines to be used in considering a motion to dismiss are clear. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081–82, 31 L.Ed.2d 263 (1972); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). As the United States Court of Appeals for the Seventh Circuit has noted:

> "Under the Federal Rules of Civil Procedure, it is well established that, on a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true; and if it appears reasonably conceivable that at trial the plaintiff can establish a set of facts entitling him to some relief, the complaint should not be dismissed." *Mathers Fund, Inc. v. Colwell,* 564 F.2d 780, 783 (7th Cir.1977).

However, the Court "will not strain to find inferences available to plaintiff which are not apparent on face of the complaint." *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir.1977).

### PROCEDURAL DUE PROCESS

Kanter alleges a denial of her procedural due process rights in her claims regarding the establishment of written standards defining "meritorious achievement" and defendants' failure to give written reasons for denial of track movement. Plaintiff, however, has failed to allege a denial of a liberty[2] or property interest protected by the Fourteenth Amendment and without alleging such an interest, she is not entitled

---

1. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1343.

2. Kanter does not make any claims even approaching an infringement of any liberty interest as defined by the Supreme Court. *Board of*

*Regents of State Colleges v. Roth,* 408 U.S. 564, 572, 92 S.Ct. 2701, 2706–07, 33 L.Ed.2d 548 (1972). Therefore, the substantial body of law relating to the constitutional protection of liberty interests is not relevant to the case at bar.

to procedural due process. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

"The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Roth, supra,* 408 U.S. at 576, 92 S.Ct. at 2708. A person claiming such an interest must have more than a unilateral expectation of that benefit. She must have a legitimate claim of entitlement to it. Property interests, themselves, are not created by the constitution, but rather from an independent source such as state law. *Roth, supra,* 408 U.S. at 572, 92 S.Ct. at 2706–07.

Kanter alleges an entitlement to a merit pay increase via the school district's track movement system. She claims that the property interest she holds in her tenured teaching position would be impaired if this merit pay increase is not granted. Kanter admits that her position as a tenured teacher has not been taken from her or directly threatened. Plaintiff's Memorandum In Response To Defendant's Motion To Dismiss, page 7.

The Supreme Court has recognized an entitlement amounting to a constitutionally protected property interest in a teacher's tenured status. *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). This entitlement, however, does not extend to merit salary increases. *Roth, supra* 408 U.S. at 577, 92 S.Ct. at 2709. Rather, these increases are in most cases purely discretionary.

In the case at bar, Kanter cannot have a legitimate expectancy in a track movement salary increase. The track movement standards incorporated into the collective bargaining agreement are based on subjective factors of teacher merit as judged by the teacher's peers and the superintendent of the school district. Therefore, Kanter has no constitutional right guaranteeing any particular procedural due process. No written statement of reasons for denial of track movement or rules defining "meritorious" service is required. Kanter's subjective expectation of a merit salary increase is insufficient to state a property interest protected by the Fourteenth Amendment. *Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709.

## SUBSTANTIVE DUE PROCESS

■ Kanter argues that the complaint, liberally construed, sets forth a cause of action for violation of substantive due process guarantees. She claims that the denial of a merit pay increase was arbitrary and capricious and as such violated her constitutional rights.

The Seventh Circuit noted that "... the constitutional right to 'substantive' due process is no greater than the right to procedural due process. Accordingly, the absence of any claim by the plaintiff that an interest in liberty or property has been impaired is a fatal defect in her substantive due process argument." *Jeffries v. Turkey Run Consolidated School District,* 492 F.2d 1, 4 (7th Cir.1974). The Supreme Court has further clarified the issues raised in the instant action:

"The Federal Court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies ... in the absence of any claim that the public employer was motivated by a desire to curtail or penalize the exercise of an employee's constitutionary protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The due process clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." *Bishop v. Wood,* 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976).

In the case at bar, plaintiff Kanter has failed to establish a property or liberty interest in a track movement merit pay increase. The denial of this increase has not affected her property right in continued employment with the school system. Therefore, the complaint does not adequately state a violation of substantive due proc-

ess, and so cannot survive the defendants' motion to dismiss.[3]

## BREACH OF CONTRACT

■ Count II of Kanter's complaint alleges a breach of the collective bargaining agreement. This claim is clearly grounded in state law and will be granted pendent jurisdiction ·only if the plaintiff has adequately alleged an independent basis of Federal Court jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). As stated above, Kanter has failed to set forth a valid claim under 42 U.S.C. § 1983. As a matter of law, she has not alleged a recognized claim of constitutional deprivation. Therefore, her pendent state claim must also be dismissed.

## CONCLUSION

Accordingly, defendants' motion to dismiss with prejudice the first amended complaint pursuant to Rule 12(b)(6), F.R.C.P. is granted. IT IS SO ORDERED.

---

**3.** Kanter also argues that she has been denied equal protection in that she was arbitrarily and capriciously denied track movement while other teachers, no more qualified than herself, received it. However, the Court's analysis of the failure of her procedural and substantive due process claims is equally applicable to her equal protection claim. Kanter has failed to allege a deprivation of constitutionally protected property or liberty interests. "It is only when such (alleged) unequal treatment, accorded under reasonable rules providing for the exercise of subjective discretion, violates a positive constitutional requirement that one subjected to such violation will have a remedy under § 1983." *Clark v. Whiting,* 607 F.2d 634, 638 (4th Cir.1979). *See also Bishop v. Wood, supra* 426 U.S. at 349–50, 96 S.Ct. at 2079–80.