Michael M. Levine, Ph. D., Petitioner *v.* Commonwealth of Pennsylvania, Department of Education et al., Respondents.

Argued November 17, 1983, before Judges CRAIG, DOYLE and BARBIERI, sitting as a panel of three.

*Donald H. Brobst,* with him *David C. Federman, Rosenn, Jenkins & Greenwald,* for petitioner.

*Wayne M. Richardson,* Regional Legal Counsel, for respondents.

OPINION BY JUDGE CRAIG, January 5, 1984:

Dr. Michael M. Levine, an assistant professor of psychology at Bloomsburg State College, appeals

from a determination by the Pennsylvania Department of Education (DOE) which, in reviewing promotion procedures under a collective bargaining agreement, without holding any hearing, supported the college's decision not to promote Dr. Levine to the rank of associate professor.

We must decide if Dr. Levine was entitled, under constitutional due process or the Administrative Agency Law,[1] to a hearing to review the promotion denial.

Dr. Levine had filed his application for promotion on October 24, 1980. Under a collective bargaining agreement between the Association of Pennsylvania State College and University Faculties (APSCUF) and the Commonwealth, Dr. Levine's application followed a three-tier review and recommendation process. After receiving negative recommendations from both the psychology department and a faculty promotion committee, the college's president, Dr. James McCormick, denied Dr. Levine's application.

Dr. Levine then filed a grievance under the collective bargaining agreement, alleging—among other things—procedural irregularities and faculty prejudice in the review of his application. After the Dean of Arts and Sciences and Dr. McCormick denied his grievance,[2] Dr. Levine appealed to DOE under step 3 of the collective bargaining agreement.

By letter of April 2, 1982 to the president of APSCUF, Randall C. Breon, Chief of Labor Rela-

---

[1] 2 Pa. C. S. §§501-508, 701-704.

[2] Actually, having received no response from President McCormick within the time allotted under the collective bargaining agreement, Dr. Levine apparently filed his grievance with DOE in August of 1981, one month before receiving a letter from Dr. McCormick.

tions at DOE, found no evidence to support Dr. Levine's grievance. After that determination, APSCUF apparently declined to submit Dr. Levine's grievance to binding arbitration, as provided in step 4 of the collective bargaining agreement. Dr. Levine then filed this appeal, contending—among other things—that DOE, in addition to violating his claimed constitutional and statutory right to notice and a hearing, had also failed to support its determination with substantial evidence.

On the due process claim, Dr. Levine argues that he has a constitutionally protected interest in being promoted to the rank of associate professor by virtue of Bloomsburg's "Promotion Policies and Procedures" manual and the APSCUF agreement. Although our Pennsylvania courts have not had occasion to address the issue of whether a nonpromotion decision affects interests protected under constitutional guarantees of due process, we find sufficient authority in federal case law to reject Dr. Levine's constitutional claim.

To be entitled to a due process hearing, one must have suffered, by state action, the loss of a property or liberty interest. *Arnett v. Kennedy,* 416 U.S. 134, 164 (1974). Ordinarily, academic promotions are within the discretion of the appropriate academic authorities. *Clark v. Whiting,* 607 F.2d 634, 641 (4th Cir. 1979). Thus, "absent some statute, ordinance or institutional regulation, a faculty member has no 'property entitlement to a promotion and therefore lacks any constitutional basis for requiring some kind of hearing upon a nonpromotion decision' on that ground." *Id.,* quoting *Colm v. Vance,* 567 F.2d 1125, 1130 (D.C. Cir. 1977). Moreover, the courts have consistently repudiated any contention that the refusal to promote is sufficiently stigmatic

to constitute a deprivation of one's liberty interest. *Id.*

No statutory authority governs entitlement to promotion. The salary classification statutory section, the Act of January 18, 1952, P.L. (1951) 2111, §2, *as amended,* 24 P.S. §1864.2, expresses no basis for promotion entitlement.

The provisions of Bloomsburg's "Promotion Policies and Procedures" manual specifically state that "promotion in rank is not an automatic process given for longevity or for meeting minimal statutory requirements" but rather, is discretionary, a "function of judgment by designated peers about the quality of the performance of a candidate for promotion." Although the manual states that a candidate *shall* "be evaluated" pursuant to many stated criteria, it does not mandate when, on the basis of those open-ended criteria, any candidate *shall* be promoted.

Finally, the collective bargaining agreement, permiting faculty members to grieve only the failure to observe grievance procedures rather than any non-promotion decision itself, states that promotions "shall be granted . . . only in accordance with the [college's] approved and published STATEMENT OF PROMOTION POLICIES AND PROCEDURES. . . ." As noted above, that manual makes faculty promotions discretionary.

Clearly, then, Dr. Levine had no property entitlement to a due process hearing before DOE. *See also Board of Regents v. Roth,* 408 U.S. 564, 577 (1972) (to have property interests in a benefit, a person must have more than a unilateral expectation of it; he must have a legitimate claim of entitlement to it, as defined by existing rules or understandings that stem from a source independent of the Constitution).

Nor has Dr. Levine identified how his nonpromotion is sufficiently stigmatic to entitle him to a due process hearing. *Whiting.*

Dr. Levine contends that he also has a "due process" interest in the "policies"—as well as the procedures—enunciated in APSCUF's collective bargaining agreement. We take that argument to mean that he had an interest in seeing that DOE not treat his grievance arbitrarily or irrationally, a substantive due process claim.

The substantive aspect of due process protects individuals from arbitrary or irrational action on the part of the state. *Kindem v. City of Alameda,* 502 F. Supp. 1108, 1113 (N.D. Cal. 1980). According to the majority of federal circuit courts which have addressed the issue, however, the constitutional right to substantive due process is no greater than the right to procedural due process. *Jeffries v. Turkey Run Consolidated School District,* 492 F.2d 1, 4 (7th Cir. 1974). *Accord, Clark v. Whiting,* 607 F.2d 634, 641 n.17 (4th Cir. 1976); *Sullivan v. Brown,* 544 F.2d 279, 282 (6th Cir. 1976); *Weathers v. West Yuma County School District,* 530 F.2d 1335, 1340-41 (10th Cir. 1976); *Buhr v. Buffalo Public School District No. 38,* 509 F.2d 1196, 1202-03 (8th Cir. 1974). *See also McKnight v. Southeastern Pennsylvania Transportation Authority,* 438 F. Supp. 813 (E.D. Pa. 1977).

Consequently, because Dr. Levine has established no procedural due process right to a promotion, he cannot claim an independent liberty interest in being free from action which he may view as arbitrary. *Cf. Kanter v. Community Consolidated School District 65,* 558 F. Supp. 890, 892 (N.D. Ill. 1982) (failure of claimant to prove that he had a property or liberty interest in a track movement merit pay increase re-

sults in rejection of substantive due process claim as well).

Dr. Levine also contends that DOE should have afforded him notice of a hearing and an opportunity to be heard under 2 Pa. C. S. §504, which provides that "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." The legislature has defined an adjudication as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa. C. S. §101.

However, Dr. Levine has not demonstrated how DOE's letter affects his protected rights or the college's obligations under 2 Pa. C. S. §101. We have already determined that, for constitutional purposes, Dr. Levine had no property or personal interest in a promotion, and we fail to perceive how a discretionary promotion can constitute a "privilege, immunity, duty, liability or obligation." Because DOE's non-promotion decision here was not an adjudication, section 504 did not entitle Dr. Levine to notice or a hearing.

Accordingly, we must dismiss his petition.[3]

ORDER

Now, January 5, 1984, the petition for review filed by Dr. Michael M. Levine is dismissed.

---

[3] The dismissal order is based upon the absence of a right, rather than upon the absence of an adjudication upon which to base an appeal. Under 42 Pa. C. S. §708(b), even though an appeal might technically be an improper mode in this case, we are empowered to treat the proceeding as if it were an action of mandamus brought to obtain an order requiring a hearing.