555 A.2d 273

In the Matter of the Appointment of Thomas P. Antolik. County of Erie, Appellant.

Argued October 5, 1988, before Judges CRAIG, DOYLE, BARRY, COLINS, PALLADINO, MCGINLEY and SMITH.

*Kenneth D. Chestek*, County Solicitor, for appellant.

*Henry T. Reath*, with him, *Wayne A. Mack, Jr., Duane, Morris & Heckscher*, for appellees.

OPINION BY JUDGE MCGINLEY, March 1, 1989:

This is an appeal by Erie County (County) from an *ex parte* order of the Court of Common Pleas of Erie County (common pleas court) directing the County to pay certain counsel fees.

The issues involved in the present action have their genesis in the case of *In the Matter of the Appointment of Thomas P. Antolik (Antolik I)*, 93 Pa. Commonwealth Ct. 258, 501 A.2d 697 (1985). *Antolik I* involved the anti-nepotism provision (nepotism rule) of the Personnel Code of Erie County.[1] Anthony Antolik had been employed by the County as a Juvenile Probation Officer. In June of 1984, Andrew Antolik, Anthony's brother, was hired as a Juvenile Probation Officer. In October of 1984, JAMES B. DWYER, President Judge of the Court of Common Pleas of the Sixth Judicial District of Pennsylvania (P.J. DWYER) appointed Anthony Chief Juvenile Probation Officer. Richard J. Adams, Director of Personnel of

---

[1] Section 10(G) of the Erie County Personnel Code relevantly provides: "[O]ne member of an immediate family may not supervise any other member of the same family."

the County refused to reclassify Anthony Antolik because of the nepotism rule. P.J. DWYER issued an order appointing Anthony Antolik Chief Juvenile Probation Officer. Judith M. Lynch, County Executive, Richard J. Adams and James J. Goodrich, Director of Finance (Appellants) appealed. P.J. DWYER and the judges of the Court of Common Pleas of Erie County (Judges) were required to retain a private law firm to represent them because the County Solicitor was representing Appellants. In *Antolik I,* we determined the nepotism rule of the Personnel Code encroached upon the power of the judiciary to hire, fire and supervise court-appointed personnel.

After the Supreme Court of Pennsylvania denied allocatur the law firm presented a bill to the Judges. The Judges reviewed and approved the bill and forwarded it to the County Executive for payment. The County Executive denied payment and stated that the unified judicial system of the Commonwealth of Pennsylvania was responsible for payment of the counsel fees. The Judges submitted the bill to the Court Administrator of Pennsylvania who agreed with the Judges that the County was the responsible party. The bill was then presented a second time to the County Executive, who again denied responsibility and declined payment. On November 18, 1987, the common pleas court entered an *ex parte* order requiring the County to pay the law firm the counsel fees that were owed. The County appeals from that order.

On appeal the County argues that: 1) the common pleas court violated the County's right to due process when it entered an *ex parte* order requiring the County to pay the Judges' counsel fees; 2) the Judges do not have standing to seek an award of counsel fees for the law firm; and 3) the County, an unsuccessful litigant in the prior proceeding, is not liable for the counsel fees of the prevailing party.

The County argues that the common pleas court's entry of an *ex parte* order requiring it to pay counsel fees without the filing of a pleading, the conducting of discovery and a hearing before an impartial tribunal deprives the County of property without due process of law. We agree. The facts of the present case are somewhat analogous to the facts in the case of *In re: Establishment of Positions and Salaries Therefor for the Year 1975,* 20 Pa. Commonwealth Ct. 1, 340 A.2d 603 (1975). Therein the Court of Common Pleas of Blair County sought certain salary increases for various court-related employees and funding for the creation of two new positions. When Blair County refused the request the common pleas court issued an *ex parte* order establishing the positions and setting the salaries. Blair County appealed. We remanded for further adversarial proceedings holding that the inherent power[2] of the Courts of this State:

> [i]s not so absolute as to allow a court to make a unilateral determination of need, and then order, through its judicial prerogative, the implementation of those steps deemed essential to the satisfaction of that need. This power merely permits the court, which views the executive and/or legislative action or nonaction to impair the judicial function, to raise a case or controversy, and present its argument before a disinterested forum.

In the present case, the common pleas court issued an *ex parte* order which failed to comply with the procedure approved by the Supreme Court. *Establishment of*

---

[2] Our Supreme Court has recognized the inherent power of the courts of this State to intervene in questions of financial appropriation where such intervention is necessary to insure the efficient administration of the judicial system. *Commonwealth ex rel. Carroll v. Tate,* 442 Pa. 45, 274 A.2d 193 (1971); *Leahey v. Farrell,* 362 Pa. 52, 66 A.2d 577 (1949).

*Positions.* Here, the order was no more than a judicial act imposing responsibilities and duties upon the County by an interested court. The central requirements of procedural due process are notice and fair opportunity to be heard. *Parham v. Cortese,* 407 U.S. 67, 92 S.Ct. 1983 (1972). The order of the common pleas court ignored these requirements and made an adjudication without providing the County any opportunity to present its side of the controversy before a neutral forum.[3]

Therefore, the order of the court of common pleas is vacated and we remand with leave to the Judges to file a complaint in accordance with the Pennsylvania Rules of Civil Procedure and Rules of Court.

## ORDER

NOW, March 1, 1989, the order of the Court of Common Pleas of Erie County, at C.O. No. 111-1987 dated November 18, 1987, is hereby vacated and remanded for further adversary proceedings.

Jurisdiction relinquished.

---

[3] Because of our disposition of the County's first argument we do not reach the merits of the County's remaining arguments.