**IN RE DOMESTIC RELATIONS HEARING ROOM.**

**Northumberland County Board Of Commissioners, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2000.

Decided April 15, 2002.

James A. Zurick, Shamokin, for appellant.

Anthony T. McBeth, Harrisburg, for amicus curiae, the County Commissioners Assoc. of PA.

Mark R. Zogby, Harrisburg, for amicus curiae.

Before DOYLE, Senior Judge, COLINS, J., McGINLEY, J., PELLEGRINI, J., FRIEDMAN, J., KELLEY, Senior Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.[1]

The Northumberland Board of Commissioners (Commissioners) appeals from an

---

1. This case was re-assigned to Senior Judge Flaherty on February 12, 2002, after he, Judge Doyle and Judge Kelley had assumed the status of senior judges.

administrative order of the Court of Common Pleas of Northumberland County (trial court) which restricted the use of a room (the room) in the Northumberland County Courthouse for use by the domestic relations hearing officer (DHRO) and required that any other use of the room receive the approval of the President Judge. We quash the appeal.

Although no testimony was presented before the trial court, we recite the history of this case as outlined by the trial court and the parties. Prior to 1998, some of the Commissioners occupied offices in the county courthouse and often used the room for public hearings. The trial court also used the room to conduct domestic hearings and juvenile hearings.

In October of 1998, the Commissioners moved into offices in the newly constructed administration building. The former offices of the Commissioners were then divided up between the DHRO, the district attorney's office and a U.S. Congressman's field office. On December 29, 1999, the Commissioners informed the trial court that they would occupy the room on January 3, 2000 in order to hold a swearing in ceremony and reception. This was consistent with prior years wherein the room was used for such ceremonies. The trial court informed the Commissioners, however, that DRHO proceedings were already scheduled for that day in the room. Nonetheless, the Commissioners insisted that they would still use the room on the date in question. In response, the trial court issued an administrative order on December 29, 1999.

The administrative order issued by the President Judge declared the room in the county courthouse, used by the DRHO, to be "an extension of the Court of Common Pleas of Northumberland County and its Court related facilities." The trial court limited use of the room to the "disposition of petitions for protection from Abuse, Custody and Support matters, and other Court facility uses as may be assigned to Judges and Hearing Officers by the President Judge." The administrative order further provided that "[a]ny other use of the facility must have the express approval of the President Judge."

■ The Commissioners, who had previously used the room to swear in new members and wished to again use the room for such ceremonies, filed an appeal from the trial court's administrative order to this court. On appeal, the Commissioners raise a number of issues. However, this court must first determine whether the administrative order is a final appealable order.

A final order is defined by Pa. R.A.P. 341 as any order that (1) disposes of all claims or parties, (2) is expressly defined as final by statute, or (3) is determined by a court or governmental unit to be final to facilitate resolution of a case. As with *In re Ownership of Notes and Reproduction of Transcripts*, 763 A.2d 575 (Pa.Cmwlth. 2000), *petition for allowance of appeal denied*, 566 Pa. 689, 784 A.2d 121 (2001), although Sections 323 and 325 of the Judicial Code, 42 Pa.C.S. § 323 and § 325 may provide some authority for rules and regulations, there was no judicial proceeding before the Common Pleas Court involving disputed claims or parties. No case, action nor petition was finally resolved by the administrative order. The administrative order at issue in this case is not appealable because it is not a final order pursuant to Pa. R.A.P. 341. Because the administrative order is not a final order and is therefore, not appealable, there is no question of our subject matter jurisdiction under Section 762(a) of the Judicial Code, 42 Pa.C.S. § 762(a).

The case of *In re Ownership of Notes* is instructive. In that case, the President Judge of Luzerne County issued an administrative order which prohibited individuals from copying notes of testimony filed as of record in the prothonotary's office. Individuals were now required to seek copies of transcripts from the court reporter for a fee. The prothonotary, who had previously permitted individuals to make copies of the testimony, appealed the administrative order to this court. This court concluded that the order was not appealable because it was not final, and in any case, that it was not appealable to *this* court because the order in question did not fall within one of the categories of cases over which this court has jurisdiction.[2]

We concluded that the "order was not entered to resolve a dispute litigated in the Common Pleas Court." *In re Ownership of Notes*, 763 A.2d at 578. The President Judge issued the administrative order to implement an executive decision made in his capacity as the President Judge and administrator of the Court of Common Pleas. This court found authority for the action taken by the President Judge in Sections 323 and 325 of the Judicial Code, 42 Pa.C.S. § 323 and § 325. Specifically, Section 323 of the Judicial Code provides that "every court shall have power to make such rules and orders of the court as the interest of justice or the business of the court may require." Section 325 of the Judicial Code provides that the president judge of a court shall:

(1) Be the executive and administrative head of the court, supervise the judicial business of the court, promulgate all administrative rules and regulations, make all judicial assignments, and assign and reassign among the personnel of the court available chambers and other physical facilities.

(2) Exercise the powers of the court under section 2301(a)(2) (relating to appointment of personnel).

■ Although the administrative order is not properly before us in our appellate jurisdiction, the Commissioners can still bring an action within this court's original jurisdiction under Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), which provides that this court shall have original jurisdiction, with few exceptions not applicable here, in all civil actions or proceedings against "the Commonwealth government, including any officer thereof, acting in his official capacity . . . ."

This court has previously held that a judge of the court of common pleas, when sued in his official capacity, is the "the Commonwealth government." *Brown v. Taylor*, 90 Pa.Cmwlth. 23, 494 A.2d 29, 31 (1985). *Curtis v. Cleland*, 122 Pa.Cmwlth. 328, 552 A.2d 316, 317 n. 1 (1988) (*Curtis I*) also stated that "Commonwealth government" is defined by Section 102 of the Judicial Code, 42 Pa.C.S. § 102 to include officers of the unified judicial system. Moreover, *Curtis v. Cleland*, 137 Pa.

2. Section 762(a) of the Judicial Code, 42 Pa. C.S. § 762(a) does not address the appealability of an order but only the subject matter jurisdiction of the Commonwealth Court as opposed to the Superior Court:

    **(a) General rule.**-... [T]he Commonwealth Court shall have exclusive jurisdiction of appeals from *final* orders of the courts of common pleas in the following areas:

    *(1) Commonwealth civil cases* . . . .

    (2) Governmental and Commonwealth regulatory criminal cases . . . .

    (3) Secondary review of certain appeals from Commonwealth agencies . . . .

    (4) Local government civil and criminal matters . . . .

    (5) Certain private corporation matters . . . .

    (6) Eminent domain . . . .

    (7) Immunity waiver matters . . . .

(Emphasis added.)

Cmwlth. 537, 586 A.2d 1029 (1991) (*Curtis II* ) is authority for the proposition that a challenge to an administrative order is properly in this court's *original* jurisdiction.

In *Curtis II,* the President Judge of McKean County issued an administrative order directing the county commissioners to make bonus payments to the trial court's domestic relations division out of funds designated "IV–D.".[3] The county commissioners, believing that the county salary board should implement the bonus, refused to comply. The trial court issued a rule to show cause why the county commissioners should not be held in contempt. After a hearing the trial court issued an order holding the county commissioners in contempt. The county commissioners did not appeal the contempt order, but they did purge themselves of contempt by signing the checks.

The county commissioners then filed a petition in this court's *original jurisdiction* seeking a declaratory judgment that the IV–D funds were under the control of the county commissioners rather than under the control of the president judge. This court ultimately agreed with the county commissioners and granted the county commissioners' motion for judgment on the pleadings.

Thus in *Curtis II,* the county commissioners challenged the issuance of the administrative order by filing a petition in this court's original jurisdiction seeking a declaratory judgment. This Court, having statewide original jurisdiction provides an appropriate forum for resolving disputes between the local units of government and the trial courts since there is no appearance of partiality or bias related to this court as the fact finder rather than having the trial court act as the fact finder and thus be placed in the position of possibly making credibility decisions on its own judicial personnel.

Having concluded that the administrative order issued by the trial court in this case is not appealable, we also conclude that the Commissioners in this case can proceed as the county commissioners did in *Curtis II,* by filing a petition in this court's original jurisdiction.

In accordance with the above, the appeal filed by the Commissioner's from the trial court's administrative order is quashed.

### ORDER

Now, April 15, 2002, the appeal filed by the County commissioners is quashed.

DISSENTING OPINION BY Senior Judge DOYLE.

Although the Majority is correct that this case could have arisen in this Court's original jurisdiction pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), I believe that it is also appropriate in our appellate jurisdiction, and therefore, for reasons of judicial economy, I would reach the merits of the case.

In *In re Haberstroh,* 20 Pa.Cmwlth. 1, 340 A.2d 603 (1975), the President Judge of the Blair County Court of Common Pleas issued an *ex parte* order, which set forth a schedule fixing new salaries for certain court-related employees and directed the appropriate officials of the County of Blair to make payments pursuant to that schedule. The Blair County Salary Board appealed directly to this Court.

We explained that, although our Supreme Court has acknowledged that the

---

**3.** The bonus would be paid from "funds designated 'IV–D' funds which are provided by the Department of Public Welfare to the County Domestic Relations Division." *Curtis I,* 552 A.2d at 317.

courts of this state have the inherent power to intervene in issues concerning financial appropriations where doing so is the only way to ensure **"the efficient administration of the judicial system[,]"** *id.* at 604 (emphasis added), a court cannot unilaterally act to resolve the issue of need, but may only "raise a case or controversy, and present its arguments before a disinterested forum." *Id.* at 605. Therefore, the court, acting in this capacity, must prove that its "wants and needs" are reasonably necessary for its proper functioning and administration, and this evidentiary burden is subject to judicial review. *Id.* We also stated that "[f]urther adversary proceedings are essential" prior to the administrative order of a court rising to the status of a judicial order with which individuals would be required to comply. *Id.* **Therefore, we remanded the case for additional adversary proceedings and proof that the court's wants and needs were reasonably necessary to its proper administration and function.**

Based on the procedure this Court followed in *In re Haberstroh*, I believe that the case before us is also proper in our appellate jurisdiction and that, rather than quash the appeal, we should order a remand for further proceedings in which the court must meet its evidentiary burden, *i.e.*, prove that its restriction of the public meeting room in the county courthouse for use by the domestic relations hearing officer is reasonably necessary for its proper functioning and administration. Any other course of action is against the sound principle of judicial economy where the appeal is already before us.

Accordingly, I dissent.

1. Section 102 of the Judicial Code defines "government unit", in pertinent part, as "[a]ny court or other officer or agency of the unified judicial system." 42 Pa.C.S. § 102.

## DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent.

In quashing the instant matter, the Majority states that "[h]aving concluded that the administrative order issued by the trial court in this case is not appealable, we also conclude that the Commissioners in this case can proceed as the county commissioners did in [*Curtis v. Cleland,* 137 Pa. Cmwlth. 537, 586 A.2d 1029 (1991)], by filing a petition in this court's original jurisdiction [seeking a declaratory judgment]." Majority Opinion at 410. Thus, the Majority acknowledges that this Court has jurisdiction to consider the merits of this case; the Commissioners merely filed the incorrect papers in initiating the matter.

Section 708 of the Judicial Code provides, in pertinent part:

(a) **General rule.**—No objection to a governmental determination shall be defeated by reason of error in the form of the objection. . . .

(b) **Appeals.**—If an appeal is improvidently taken to a court under any provision of law from the determination of a government unit[1] where the proper mode of relief is an action in the nature of equity, mandamus, prohibition, quo warranto or otherwise, this alone shall not be a ground for dismissal, but the papers whereon the appeal was taken shall be regarded and acted on as a complaint or other proper process commenced against the government unit or the persons for the time being conducting its affairs and as if filed at the time the appeal was taken.

42 Pa.C.S. § 708(a), (b). *See also* Pa. R.A.P. 1503 ("[I]f an appeal is taken from an order of a government unit[2], or if a

2. Pa.R.A.P. 102 also defines "government unit", in pertinent part, as "[a]ny court or

complaint in the nature of .... a petition for a declaratory judgment .... is filed against a government unit or one or more of the persons for the time being conducting its affairs, as such, objecting to a determination by any one or more of them, this alone shall not be a ground for dismissal, but the papers whereon the improvident matter was commenced shall be regarded and acted upon as a petition for review of such governmental determination and as if filed at the time the improvident matter was commenced. The court may require that the papers be clarified by amendment.").

Thus, pursuant to Section 708(b) of the Judicial Code, the papers filed by the Commissioners to initiate the instant appeal should be regarded and acted upon by this Court as a petition for review seeking a declaratory judgment. *See, e.g., Smith v. Springfield Township Board of Supervisors,* 787 A.2d 1112, 1117 (Pa.Cmwlth.2001) ("[M]oreover, we note that Section 708(b) of the Judicial Code, entitled 'Improvident administrative appeals and other matters', provides support for conversion of Appellants' appeal into a declaratory judgment action. 42 Pa.C.S. § 708(b). Accordingly, we vacate the trial court's order and remand this matter to allow Appellants to amend their appeal into a declaratory judgment action."); *Township of East Taylor v. Spanko,* 128 Pa.Cmwlth. 24, 562 A.2d 962, 964 (1989), *petition for allowance of appeal denied,* 524 Pa. 614, 569 A.2d 1372 (1989) ("[H]owever, Section 708(b) of the Judicial Code, 42 Pa.C.S. § 708(b), permits a court to treat an improvident appeal as an action in the nature of mandamus where the law requires the latter form."); *Levine v. Department of Education,* 79 Pa.Cmwlth. 357, 468 A.2d 1216, 1219, fn. 3

(1984) ("[T]he dismissal order is based upon the absence of a right, rather than upon the absence of an adjudication upon which to base an appeal. Under 42 Pa. C.S. § 708(b), even though an appeal might technically be an improper mode in this case, we are empowered to treat the proceeding as if it were an action of mandamus brought to obtain an order requiring a hearing.").

Accordingly, unlike the Majority, I would not quash the instant appeal. Rather, I would regard and act upon the papers filed by the Commissioners as a petition for review seeking a declaratory judgment, and I would consider and dispose of this matter on the merits.

Judge PELLEGRINI joins in this dissent.