IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: The Honorable | : | **CASES CONSOLIDATED** |
| Stephanie Domitrovich | : | |
| | : | |
| Appeal of: | : | |
| The Honorable Stephanie Domitrovich | : | No. 1844 C.D. 2019 |
| | : | |
| | | |
| In Re: The Honorable | : | |
| Stephanie Domitrovich | : | |
| | : | |
| Appeal of: | : | |
| Lake Erie College of Osteopathic | : | No. 1845 C.D. 2019 |
| Medicine and Aaron E. Susmarski | : | Submitted: November 6, 2020 |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                    FILED**:** April 16, 2021

The Honorable Stephanie Domitrovich, Lake Erie College of Osteopathic Medicine (College of Medicine) and Aaron E. Susmarski, Esquire (collectively, Appellants) have separately appealed an administrative order entered by the Court of Common Pleas of Erie County (trial court) that disqualifies Judge Domitrovich from receiving or considering filings by the College of Medicine or Attorney Susmarski. Their appeals have been consolidated by this Court.[1] Appellants assert that the trial court lacked jurisdiction to enter an order that relates to the professional conduct of Judge Domitrovich and Attorney Susmarski and violated their reputational and due process rights by not providing them an

---

[1] On March 12, 2020, this Court entered an order consolidating the appeal of Judge Domitrovich with the appeal of the College of Medicine and Attorney Susmarski. *See* Commonwealth Court Order, 3/12/2020.

opportunity to be heard before entering the order. For the reasons that follow, we will transfer this matter to the Supreme Court of Pennsylvania.

## Background

In 2002, the College of Medicine, a private nonprofit educational institution, filed a petition with the trial court to establish a private police force pursuant to 22 Pa. C.S. §501.[2] On November 18, 2002, the trial court granted the non-adversarial, single-party petition and since then has granted other petitions of the College of Medicine for the appointment of additional police officers. Attorney Susmarski, the son of Judge Domitrovich, represented the College of Medicine in those petitions, and Judge Domitrovich was the trial court judge that acted on the petitions.

On December 3, 2019, the trial court, by President Judge John J. Trucilla, entered an order that is the subject of the instant appeal. The order, captioned as "Administrative Order," states, in relevant part, as follows:

> [I]t is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that effective immediately, pursuant to [the Code of Judicial Conduct Rule 1.2 and Rule 2.11, 207 Pa. Code 33, Canons 1, 2], the Honorable Stephanie Domitrovich is hereby **DISQUALIFIED** from receiving, considering, and/or signing any Motion or Pleading by and through her son, Aaron E. Susmarski, Esq. This is to include any matter wherein Attorney Susmarski represents the Lake Erie College of Osteopathic Medicine ("LECOM") or

---

[2] It states:

> *[a]ny nonprofit corporation ... maintaining ... any buildings or grounds open to the public ... may apply to the court of common pleas of the county of the registered office of the corporation for the appointment of* such persons as the corporation may designate to act as *policemen for the corporation.* The court, upon such application, may by order appoint such persons, or as many of them as it may deem proper and necessary, to be such policemen.

22 Pa. C.S. §501 (emphasis added).

2

any of its subsidiaries (including but not limited to LECOM Health, Millcreek Community Hospital, Medical Associates of Erie, LECOM Senior Living, LECOM Wellness Center, and LECOM Dental Offices).[] This prohibition also includes but is not limited to any "Petition to Appoint a Private Police Officer of a Nonprofit Corporation Pursuant to 22 Pa. C.S.A. §501 Et. Seq." Representative examples of said Petitions are attached hereto at Exhibit 1….[3]

It is also **ORDERED**, **ADJUDGED**, and **DECREED** that effective immediately, no member of the bench of the Erie County Court of Common Pleas shall personally file Petitions, Motions, Pleadings, Verifications, or Certifications brought before him or her.[] The filing of such documents must be done by the moving party. This is consistent with the Court's regular practices and procedures and also protects the Court from any appearance of impropriety. Further, no member of this bench shall personally sign any Petition, Motion, and/or Pleading on behalf of any party.

Further, this Court directs that no member of this bench shall *sua sponte* request the services of a retired Senior Judge for the purposes of reassigning that sitting Judge's assigned caseload or docket. This practice is not acceptable as approval of authority for the use of Senior Judges must be obtained by the President Judge from the Administrative Office of Pennsylvania Courts ("AOPC"). *See* [Rule of Judicial Administration 701(C), 201 Pa. Code 701(C)]. If a particular Judge feels he or she has been unfairly assigned a docket he or she cannot manage, it is directed he or she shall report the same to the Administrative Judge of his or her respective division, and, if necessary, with the President Judge. This comports with our Court's long-standing practice and procedure as well as Pennsylvania's Rules of Judicial Administration. To divest from this practice could jeopardize the use of Senior Judges.

---

[3] Exhibit 1 included two petitions filed by the College of Medicine, through Attorney Susmarski, dated February 7, 2017, and November 4, 2019. Attached to the petitions were orders of the trial court, dated the same day as the petitions and signed by Judge Domitrovich on behalf of the court.

> Finally, as President Judge, I find the necessity of this Administrative Order was compelled by my receipt of information prompting said Order to protect the integrity of the bench and to avoid any appearance of impropriety, pursuant to [the Code of Judicial Conduct Rule 2.15(C) and (D), 207 Pa. Code 33, Canon 2].

Administrative Order, 12/3/2019, 1-2; Reproduced Record at 4a-5a (R.R.\_\_) (emphasis in original, footnotes and citations omitted). The administrative order includes two footnotes. The first states that Attorney Susmarski serves as the Institutional Director of Human Resources for the College of Medicine, and the second states that the order did not apply to marriage licenses.

On December 31, 2019, Judge Domitrovich appealed the administrative order to this Court. That same day, the College of Medicine and Attorney Susmarski appealed.

On February 26, 2020, President Judge Trucilla issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) that states "the reasons for the [administrative] order." PA. R.A.P. 1925(a). The opinion is 84 pages long and includes numerous exhibits. In his opinion, President Judge Trucilla asserts that this Court lacks jurisdiction over the appeal because the administrative order did not result from a judicial proceeding and was never challenged by exceptions. He also asserts that Appellants lacked standing because they cannot be aggrieved by an administrative order issued to "regulate the business" of the trial court. Rule 1925(a) Op., 2/26/2020, at 50. Concluding that there was a "substantial likelihood" that Judge Domitrovich had violated the Code of Judicial Conduct Rules 1.2[4] and 2.11,[5]

---

[4] Rule 1.2 states "[a] judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." 207 Pa. Code 33, Canon 1.

[5] Rule 2.11 states:

President Judge Trucilla decided to take "appropriate action" pursuant to Rule 2.15.[6] *Id*. at 48-51, 59.

---

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

> (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

> (2) The judge knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is:

>> (a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

>> (b) acting as a lawyer in the proceeding;

>> (c) a person who has more than a de minimis interest that could be substantially affected by the proceeding; or

>> (d) likely to be a material witness in the proceeding.

> (3) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or is a party to the proceeding....

207 Pa. Code 33, Canon 2.

[6] Rule 2.15 states:

(A) A judge having knowledge that another judge has committed a violation of this Code that raises a substantial question regarding the judge's honesty, trustworthiness, or fitness as a judge shall inform the appropriate authority.

(B) A judge having knowledge that a lawyer has committed a violation of the Pennsylvania Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer shall inform the appropriate authority.

(C) A judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code *shall take appropriate action*.

On March 12, 2020, this Court issued the following order:

> [T]he parties shall address the jurisdiction of the Commonwealth Court to hear the appeal in their principal briefs on the merits or other appropriate motion. *See* 42 Pa. C.S. §§722[3] (providing that the Supreme Court of Pennsylvania shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas where the manner of service of any member of the judiciary is drawn into question); 762(b) (providing that the Commonwealth Court shall not have appellate jurisdiction from orders of the courts of common pleas within the exclusive jurisdiction of the Supreme Court); *see also In re Avellino*, 690 A.2d 1138 (Pa. 1997).
>
> It further appearing that the trial court opines that the appeals are taken from a non-final order, the parties shall also address in the principal briefs on the merits or in an appropriate motion the appealability of the December 3, 2019 Order. *See* P[A]. R.A.P. 311, 313, 341.

Commonwealth Court Order, 3/12/2020.

On May 21, 2020, Appellants requested this Court to strike President Judge Trucilla's Rule 1925(a) opinion because it relied upon evidence not of record. That same day, each appellant filed briefs to address this Court's order of March 12, 2020, and the merits of their respective appeals.

Judge Domitrovich challenges the administrative order as unlawful, procedurally and substantively. She argues that no single judge can "preemptively 'disqualify' another Judge of the same court, where no matter is pending." Domitrovich Brief at 12. Further, she argues that President Judge Trucilla's public

---

(D) A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Pennsylvania Rules of Professional Conduct shall take appropriate action.

207 Pa. Code 33, Canon 2 (emphasis added).

shaming and reprimand of a fellow judge was improper because it was entered *ex parte* and *sua sponte*, depriving Judge Domitrovich of due process. She asserts that there was nothing untoward in her acting upon the petitions of the College of Medicine. Judge Domitrovich's brief incorporated by reference the brief filed by the College of Medicine and Attorney Susmarski.

For their part, the College of Medicine and Attorney Susmarski argue as follows:

> The December 3, 2019 Order takes extraordinary and unprecedented action, the likes of which have probably never been seen in this Commonwealth. One Judge on a Pennsylvania court has preemptively "disqualified" another Judge on the same court. Worse, the first Judge has disqualified the other Judge in cases that have not even been filed. Worse yet, the first Judge has done so with no notice, no opportunity to be heard, and no record. Worse still, the first Judge makes judicial findings *in a publicly docketed Order*, that the other Judge *is guilty of violations of the Code of Judicial Conduct*, and that her son is also guilty of misconduct in connection with his employer, which is likewise attacked in this public Order. This attack in such a public, and purposely publicized manner would obviously destroy the reputations of the Judge, her son, and his employer. Indeed, one taking such actions presumably would assume that her son's continued employment could be jeopardized by such a public accusation. This Order is wrong on all levels. This is not how disagreements among Judges on the same court are handled. Notwithstanding civility and collegiality among Judges, the Order is wrong on many levels of the Pennsylvania Constitution and Pennsylvania law.

College of Medicine and Attorney Susmarski Brief at 24-25. They make four substantive arguments about President Judge Trucilla's administrative order. First, the trial court lacked jurisdiction to rule on the alleged violations of the Code of Judicial Conduct. Second, Rule 2.11 of the Code of Judicial Conduct does not apply

to single-party, non-adversarial proceedings, such as the petitions to appoint private police officers. Third, the administrative order violated Appellants' right to due process and their right to protect their reputations. Fourth, the administrative order does not relate to court business because President Judge Trucilla did not follow the process for handling matters of court administration.

On November 30, 2020, Appellants requested permission to supplement the record with evidence that arose after they submitted their briefs.[7]

## Jurisdiction

In our order of March 12, 2020, this Court raised the question of whether Appellants' challenge to the administrative order of December 3, 2019, lies within the exclusive jurisdiction of the Pennsylvania Supreme Court. We begin with this threshold issue. A court's subject matter jurisdiction is a question of law and, therefore, our standard of review is *de novo* and our scope of review is plenary. *In re Administrative Order No. 1-MD-2003*, 936 A.2d 1, 5 (Pa. 2007). The jurisdiction of our state courts is determined by the Pennsylvania Constitution and by the General Assembly. *Id.* (citing *Heath v. Workers' Compensation Appeal Board*, 860 A.2d 25, 29 (Pa. 2004)).

The General Assembly has conferred jurisdiction in the Commonwealth Court over appeals from final orders of the courts of common pleas

---

[7] In their motion, Appellants state that President Judge Trucilla filed a complaint against Attorney Susmarski with the Disciplinary Board of the Supreme Court of Pennsylvania, accusing him of violating the Rules of Professional Conduct by assisting Judge Domitrovich in violating Rule 2.11 of the Code of Judicial Conduct. Application to Supplement Record, 11/30/2020, at 2. The Disciplinary Board dismissed the complaint and, in doing so, rejected the President Judge's interpretation of Rule 2.11. Appellants ask this Court to admit the Disciplinary Board's dismissal letter and other related exhibits into evidence to consider when addressing the merits. No response was filed to this request.

8

that involve an officer of the Commonwealth. 42 Pa. C.S. §762(a).[8] However, there is an exception in Section 762(b) of the Judicial Code, which states as follows:

> The Commonwealth Court *shall not have jurisdiction of such classes of appeals from courts of common pleas as are by section 722* (relating to direct appeals from courts of common pleas) *within the exclusive jurisdiction of the Supreme Court.*

42 Pa. C.S. §762(b) (emphasis added). In turn, Section 722 provides in pertinent part:

> The Supreme Court *shall* have *exclusive jurisdiction* of appeals from final orders of the courts of common pleas *in the following classes of cases*:
>
> ***
>
> (3) *Matters* where the qualifications, tenure or right to serve, or *the manner of service*, *of any member of the judiciary is drawn in question.*

42 Pa. C.S. §722 (emphasis added). In short, the Supreme Court has exclusive jurisdiction over matters where the "manner of service, of any member of the judiciary is drawn into question."[9] *Id.*

---

[8] Section 762(a) of the Judicial Code provides that this Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
> (1) Commonwealth civil cases.--All civil actions or proceedings:
>> (i)  Original jurisdiction of which is vested in another tribunal …
>> (ii) By the Commonwealth government, including any officer thereof acting in his official capacity.
>
> ***

42 Pa. C.S. §762(a).

[9] The term "manner of service" is not defined in the Judicial Code. Accordingly, the term is given its ordinary meaning. 1 Pa. C.S. §1903(a) ("[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage"). The term "manner" refers to "a characteristic or customary mode of acting" and the term "service" means "the work

President Judge Trucilla's administrative order "disqualified" Judge Domitrovich from considering *any* filings presented by Attorney Susmarski on behalf of the College of Medicine in order to "protect the integrity of the bench" and to "avoid any appearance of impropriety" pursuant to Rule 2.15(C) and (D) of the Code of Judicial Conduct. Administrative Order, 12/3/2019, at 1-2; R.R. 4a-5a. The administrative order attached two orders of Judge Domitrovich that granted petitions of the College of Medicine for the appointment of private police officers. Unquestionably, the administrative order has "drawn in question" the manner of Judge Domitrovich's service as a judge. 42 Pa C.S. §722(3). Lest there be any doubt, the Rule 1925(a) opinion states that there was a "substantial likelihood" that Judge Domitrovich violated the Code of Judicial Conduct.[10]

Article V, Section 10 of the Pennsylvania Constitution confers exclusive authority upon the Pennsylvania Supreme Court to supervise "all the courts." PA. CONST. art V, §10.[11] To that end, the Supreme Court "adopted rules of judicial conduct for ourselves and all members of the judicial branch." *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 489 A.2d 1291, 1298

---

performed by one that serves. *See* MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/manner & https://www.merriam-webster.com/dictionary/service (last visited April 15, 2021).

[10] In his Rule 1925(a) opinion, President Judge Trucilla stated that the administrative order also served as a "guide to all members of the Erie County bench *to adhere to* well-established rules of judicial conduct, procedure, and administration." Rule 1925(a) Op., 2/26/2020, at 81 (emphasis added). In this regard, the administrative order is redundant of the Code of Judicial Conduct.

[11] It states, in relevant part, as follows:

> (a) The Supreme Court shall *exercise general supervisory and administrative authority over all the court*s and justices of the peace, including authority to temporarily assign judges and justices of the peace from one court or district to another as it deems appropriate.
>
> ***

PA. CONST. art. V, §10 (emphasis added).

(Pa. 1985). It has further held that a violation of those rules "is not a proper subject for consideration of the lower courts…." *Id*. at 1299. Rather, the enforcement of violations of the Code of Judicial Conduct belongs with the Judicial Inquiry and Review Board, which investigates and recommends disciplinary actions. Further,

> [t]his procedure, except for impeachment proceedings, is the exclusive mode established for the discipline of our judges for violations of the Code [of Judicial Conduct] and we have not abdicated or delegated any of our supervisory authority in enforcing these standards of conduct to [the] Superior Court. *To presume that the Code [of Judicial Conduct] or its alleged violations can be reviewed by any tribunal other than those we authorize is a misapprehension of the purpose of the Code [of Judicial Conduct], and is seen as an impermissible meddling into the administrative and supervisory functions of this Court over the entire judiciary.*

*Id*. (citations omitted, emphasis added).

In 1993, the Judicial Inquiry and Review Board was replaced by the Judicial Conduct Board and the Court of Judicial Discipline.[12] As was the case for the Judicial Inquiry and Review Board, decisions of the Court of Judicial Discipline

---

[12] Article V, Section 18 of the Pennsylvania Constitution now states:
> (a) There shall be an independent board within the Judicial Branch, known as the Judicial Conduct Board….
>
> ***
>
> (7) The board *shall receive and investigate complaints regarding judicial conduct* filed by individuals or initiated by the board; issue subpoenas to compel testimony under oath of witnesses, including the subject of the investigation, and to compel the production of documents, books, accounts and other records relevant to the investigation; determine whether there is probable cause to file formal charges against a justice, judge or justice of the peace for conduct proscribed by this section; and *present the case in support of the charges before the Court of Judicial Discipline*.

PA. CONST. art. V, §18 (emphasis added).

are reviewed by the Pennsylvania Supreme Court. The Supreme Court's supervisory power over the judiciary was unchanged by the amendment to Article V, Section 18, PA. CONST. art. V, §18. *See In re Avellino*, 690 A.2d 1138, 1143 (Pa. 1997).

President Judge Trucilla asserts that his administrative order is not appealable to any tribunal because it was issued under authority conferred by Article V, Section 16 of the Pennsylvania Constitution, PA. CONST. art. V, §16, and Section 325(e) of the Judicial Code, 42 Pa. C.S. §325(e), to supervise the business of the court.[13] Rule 1925(a) Op., 2/26/2020, at 4, 48-50. However, the business of the court involves case assignments, staffing, or use of court resources. *See*, *e.g.*, *Avellino*, 690 A.2d 1138 (administrative orders on assignments of judge to court's felony-waiver program); *Ownership of Notes and Reproduction of Transcripts*, 763 A.2d 575 (Pa. Cmwlth. 2000) (administrative order on photocopying in prothonotary's office); *In Re Domestic Relations Hearing Room*, 796 A.2d 407 (Pa. Cmwlth. 2002) (administrative order on use of a courtroom). The December 3, 2019, order does not address the business of the court; rather, it addresses judicial conduct.

---

[13] Article V, Section 16(f) of the Pennsylvania Constitution states that "[o]ne of the judges of the court of common pleas shall be president judge…. He shall be the administrative head of the court and shall supervise the court's judicial business." PA. CONST. art. V, §16(f). Section 325(e) of the Judicial Code states in pertinent part:

> [T]he president judge of a court *shall*:
>
> > (1) *Be the executive and administrative head of the court, supervise the judicial business of the court*, promulgate all administrative rules and regulations, make all judicial assignments, and assign and reassign among the personnel of the court available chambers and other physical facilities.
> >
> > (2) Exercise the powers of the court under section 2301(a)(2) (relating to appointment of personnel).

42 Pa. C.S. §325(e) (emphasis added).

12

President Judge Trucilla's Rule 1925(a) opinion states, in relevant part, as follows:

> The Administrative Order was a measured and necessary response issued *to put a stop to a pervasive course of conduct* by [] Judge Domitrovich, which reasonably called into question her impartiality and created an obvious appearance of impropriety. The Order also served as a guide to all members of the Erie County bench *to adhere to* well-established *rules of judicial conduct*, procedure, and administration….

> Based on Judge Domitrovich's pervasive and extraordinary conduct involving her son and [the College of Medicine], an agency relationship was created that gave the inappropriate perception that Judge Domitrovich was [the College of Medicine's] personal judge. This perception had to end, and *the Administrative Order was issued in an attempt to put a stop to it*. As the Canons of Judicial Conduct recognize, avoiding the perception of impropriety is as important as avoiding actual impropriety.

Rule 1925(a) op., 2/26/2020, at 81 (emphasis added). This discussion alone demonstrates that the administrative order concerned the manner by which Judge Domitrovich performed her service as a judge.

We conclude that the Pennsylvania Supreme Court has jurisdiction over the subject matter of this appeal under Article V, Section 10 of the Pennsylvania Constitution and Section 722(3) of the Judicial Code. The order has "drawn in question" the "manner of service[] of [a] member of the judiciary." 42 Pa. C.S. §722(3).

## Conclusion

Because we conclude that we lack jurisdiction, we do not address the merits of the administrative order, including the standing issue identified in President Judge Trucilla's Rule 1925(a) opinion. Section 5103(a) of the Judicial Code

13

provides that where "an appeal or other matter is taken to or brought in a court …
which does not have jurisdiction of the appeal or other matter, the court … shall not
quash such appeal or dismiss the matter, but *shall* transfer the record thereof to the
proper tribunal of this Commonwealth[.]"  42 Pa. C.S. §5103(a) (emphasis added).
We do so here and will transfer this matter to the Pennsylvania Supreme Court.[14]


Judge Cohn Jubelirer did not participate in the decision in this case.

---

[14] Because we are transferring this matter, we do not consider Appellants' request to strike or
redact the trial court's Rule 1925(a) opinion or its request to supplement the record.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: The Honorable Stephanie Domitrovich | : | **CASES CONSOLIDATED** |
| | : | |
| | : | |
| Appeal of: | : | |
| The Honorable Stephanie Domitrovich | : | No. 1844 C.D. 2019 |
| | : | |
| | | |
| In Re: The Honorable Stephanie Domitrovich | : | |
| | : | |
| | : | |
| Appeal of: | : | |
| Lake Erie College of Osteopathic | : | No. 1845 C.D. 2019 |
| Medicine and Aaron E. Susmarski | : | |

**PER CURIAM**

# O R D E R

AND NOW, this 16th day of April, 2021, the notices of appeal and any outstanding applications filed by The Honorable Stephanie Domitrovich, Lake Erie College of Osteopathic Medicine, and Aaron E. Susmarski are hereby transferred to the Pennsylvania Supreme Court.